RECEIVED

USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK

DATE ___11_/_1_/_12___
              JDK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

CLAUDE R. FRAZIER                  DOCKET NO. 12-cv-952; SEC. P

VERSUS                             JUDGE DRELL

CORRECTIONS CORP OF AMERICA        MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION

Pro se plaintiff Claude R. Frazier, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983.   Plaintiff is an inmate in the custody of the Louisiana Department of Corrections (LDOC) and is incarcerated at the Winn Correctional Center in Winnfield, Louisiana.   Plaintiff complains about a condition of confinement - specifically brown drinkingi water.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Factual Allegations

Plaintiff alleges that the water at Winn Correctional is brown, and that drinking this water made him suffer from kidney stones and pain in his side.  He asks for compensatory damages and that the Department of Health investigate the brown water.  [Doc. #1, p.3-4] He also complains that he should get a special diet of orange or apple juice instead of water.

### Law and Analysis

Title 28 U.S.C. §1915A and 42 U.S.C. §1997e(c) require the

Court to *sua sponte* dismiss cases filed by prisoners proceeding in forma pauperis upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. See Cay v. Estelle, 789 F.2d 318 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993).

A claim is frivolous only when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319 (1989); Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest that clearly does not exist. Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Neitzke, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); see Jackson v. Vannoy, 49 F.3d 175, 176-77 (5th Cir. 1995); Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992).

Also, in order to state a claim under §1983, a plaintiff must allege the violation of a right secured by the Constitution and

2

laws of the United States and present factual, **nonconclusory** allegations that the alleged deprivation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988)(emphasis added). Here, Plaintiff concludes that drinking water at Winn Correctional caused him to develop kidney stones. Plaintiff has presented no factual allegations in support of his theory. Plaintiff does not provide the name of any medical professional who offered that opinion, nor does he submit any documentation to that effect. Plaintiff has merely drawn the conclusion himself.

Additionally, Plaintiff fails to state a claim against defendant Corrections Corporation of America. Just as a municipal corporation is not vicariously liable upon a theory of respondeat superior for the constitutional torts of its employees, so is a private corporation not vicariously liable under §1983 for its employees' deprivations of others' civil rights. Rosborough v. Mgmt. & Training Corp., 350 F.3d 459, 461 (5th Cir. 2003); Austin v. Paramount Parks, Inc., 195 F.3d 715, 728 (4th Cir. 1999); Street v. Corrections Corporation of America, 102 F.3d 810, 817-18 (6th Cir. 1996)(CCA cannot be held liable under §1983 on respondeat superior or vicarious liability basis). Rather, a private corporation is liable under §1983 only when an official policy or custom of the corporation causes or is the "moving force of the constitutional violation." Id.

3

First, Plaintiff has not sufficiently alleged that any employee of CCA violated his constitutional rights. However, even if he had, the compliant is devoid of any allegation that an official policy or custom of Corrections Corporation of America was the "moving force" behind its employees' alleged deprivation of Plaintiff's civil rights. Accordingly, Plaintiff's claims against Corrections Corporation of America should be dismissed.

### *Conclusion*

For the forgoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED AND DISMISSED with prejudice** as frivolous and for failing to state a claim pursuant to **28 U.S.C. §1915(e)(2)(b)**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by**

4

the District Court, except upon grounds of plain error.  **See**

**Douglass v. USAA**, 79 F.3d 1415 (5th Cir. 1996).

    Thus done and signed at Alexandria, Louisiana, this ___ day

of _____ 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

5